## L. G. STRESOVICH & COMPANY, Appellants, v. H. KESTING, Respondent.

### Kansas City Court of Appeals, June 3, 1895.

1. **Sales: DELIVERY: EVIDENCE.** The contract in this case fails to provide that the cabbage sold should be delivered free on board at San Francisco.

2. **———: CREDIT: CASH: DRAFT.** When goods are sold and nothing said about the time of payment, the sale is presumed to be for cash and the vendor may attach sight draft to the bill of lading with instructions not to deliver the bill until the draft is paid. And though goods are to be delivered free on board, that does not mean they are not to be paid for on delivery; and in this case the delivery was to be at Kansas City for the purpose of payment.

3. ——: DRAFT: EXTRA CHARGE. Though a draft for the payment of goods sold included an item for $14, for back charges not contemplated by the contract, which upon objection was deducted, such fact will not justify a refusal to pay the draft and receive the goods.

4. Damages: SALES: REFUSAL TO RECEIVE GOODS. On a refusal to receive goods ordered, the measure of damages is the difference between the best price at the place. of delivery and the price he was to receive under the contract plus freight charges and the reasonable cost of the crates in which the cabbage were shipped.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Fyke, Yates & Fyke* for appellants.

(1) There was nothing said in any of the correspondence between the parties, before the shipment of the cabbage, about the sale being upon credit, hence, it was a cash sale, and the purchaser was not entitled to delivery without making payment. 5 Wait's Actions and Defenses, p. 581; *Daws v. Bank,* 91 U. S. 618; *Stollenwerck v. Thatcher,* 115 Mass. 224. It is clear also that defendant did not consider that he was entitled to the possession of the cabbage before payment, because, the only objection made by him was to the item of $14.10, and he agreed, as the evidence shows, and as he admits, that if plaintiff would instruct the bank to deduct that item, he would pay the draft. Thereupon the bank was so instructed, the deduction was made, and he still refused to pay. By every principle of justice, he is estopped from repudiating the agreement. Plaintiff's first declaration of law, therefore, should have been given. (2) The court erred in refusing plaintiff's second declaration of law—the hypothetical case therein stated is fully supported by the facts, and certainly entitles plaintiff to judgment.

(3) The court erred in giving defendant's first declaration of law. There is no evidence upon which to base it. Not a word was said in any of the correspondence about the cabbage being sold f. o. b. at San Francisco, until after the cabbage had been shipped, and had arrived at Kansas City. Again, the declaration ignores the issue made that defendant subsequently agreed to pay for the cabbage if the item of $14.10 was deducted. (4) Defendant's second declaration of law is erroneous. It ignores the issues presented by the pleadings. The mere fact that the draft was for $14.10 too much, does not warrant a judgment for defendant, if when the draft was presented defendant offered to pay if that item was deducted, and the deduction, pursuant to his request, was made. (5) The defendant's third declaration of law is clearly erroneous. There is no evidence to support it. Even if car was to be delivered f. o. b. at San Francisco, and the same was not done, it does not follow as a legal conclusion under the facts in this case that plaintiff can not recover, because defendant by his subsequent agreement to receive and pay for the cabbage, upon the advance charges being deducted, waived or modified the terms of the original contract.

*J. B. Hamner* for respondent.

(1) That appellants offered to deliver these goods on board car at San Francisco, not a witness testified. (2) That appellants could not ship the goods to the respondent at Kansas City and hold the bill of lading and refuse to deliver it up till the draft for the purchase price and boxing and back charges were paid, and still deliver the car, or call that a delivery of the car, at San Francisco, where their petition says they were to deliver it, is too plain for argument, and is conceded

virtually by appellants in their brief, and authorities therein cited, and is sustained by the following authorities. *Erwin v. Harris*, 87 Ga. 333; *Doyle v. Roth*, 76 Wis. 48; Benjamin on Sales (Bennet's notes, 1888), p. 654; *Bank v. Homeyer*, 45 Mo. 145; *Skilling v. Bollman*, 6 Mo. App. 76; *Skilling v. Bollman*, 73 Mo. 665; *Skilling v. Bollman*, 85 Mo. 37; Hutchinson on Carriers, sec. 734, p. 574. (3) If the cabbage were to be delivered at San Francisco, and respondent would not accept them there, the recovery could only be for the difference in value there and the contract price. *Rider v. Kelley*, 32 Vt. 268; *Hodges v. Fox*, 36 Vt. 74. (4) Appellants say there was nothing said about payment, hence it was a cash sale. That is true. Then why did not they put the cabbage free on board cars at San Francisco, and wire respondent and demand pay, and if he refused, sell the cabbage there for his account and sue for the difference? They claim that their attaching sight draft to bill of lading is conclusive evidence that there was no agreement for credit. Then, according to that line of reasoning, because respondent did not send money there to pay for car on delivery, is also conclusive evidence that there was an agreement for credit.

ELLISON, J.—Plaintiff resides and does business at San Francisco, California. Defendant resides and does business at Kansas City, Missouri. Plaintiff sold to defendant a car load of cabbage at eighty-five cents per hundred pounds. Defendant refused to receive the car, or to pay for the cabbage, and plaintiff disposed of the cabbage at a net loss from what he was to receive of defendant, of $200.27; and brought the present action to recover the latter sum, and lost his case in the trial court.

The contract of sale was evidenced altogether by letters and telegrams as follows:

"KANSAS CITY, Missouri, 2–3, 1893.

*L. G. Stresovich & Co., San Francisco, Cal.*

GENTLEMEN:—I am in the market for several cars of cabbage. I am handling one or two cars a week and would like to make some arrangements with a responsible house to keep me supplied. If you have some good, solid stock to offer, heads not to run larger average than six pounds, please wire me lowest price and I will order a car. Cabbage selling to-day seventy cents. Yours truly,

H. KESTING."

In response to this letter, plaintiff telegraphed defendant as follows:

"Can ship car cabbage about Wednesday; eighty-five per hundred."

To this telegram, defendant responded by wire:

*"To L. G. Stresovich & Co., San Francisco.*

"If medium, solid heads, ship car cabbage."

"H. KESTING."

It will thus be seen that the contract was made for the cabbage at an agreed price, and that the cabbage were, by defendant's directions, to be *shipped* to him by the plaintiff. The evidence shows, without dispute, that plaintiff attached to the bill of lading, sent through plaintiff's bank at San Francisco, *via* of a bank at Omaha, to a bank at Kansas City, an item of expense for loading and freighting the cabbage to San Francisco from outlying gardens, the sum of $14.10; and that when the draft was presented to defendant, he refused to pay the same, on account of this item *only*. That when payment of the draft was refused, plaintiff was notified of the reason and immediately, by wire, notified bank at Kansas City to deduct the item. This was done and demand again made of defendant, when he

again refused to pay and also refused to receive the car of cabbage.

The only matter of dispute was the charge of $14.10. It seems that defendant contends that he purchased the cabbage, F. O. B.,—that is to say, free on board the cars at San Francisco; and evidence was taken as to what the letters "F. O. B." meant and included. There is not a word in the evidence showing the contract, which mentions such a term. In the correspondence between defendant and plaintiff, after the difficulty arose, defendant asserted he had so purchased, demanding that the item be deducted, and plaintiff denied it; but plaintiff's instructions to the bank shows he waived the matter by directing the item to be deducted.

The court gave a declaration of law, that if the cabbage were to be delivered to defendant, "F. O. B." at San Francisco, and if plaintiff attached a sight draft to the bill of lading, with instructions not to deliver the bill of lading to defendant, until the payment of the draft, then the finding must be for defendant. This should not have been given. When the goods were sold and nothing said about time of payment, it will be presumed that the sale was for cash. And for the purpose of collecting such payment, plaintiff had a right to attach the sight draft with instructions not to deliver the bill of lading until it was paid. That such was the defendant's view of the matter is apparent from the fact that he ordered the plaintiff to ship the cabbage to him. Conceding the cabbage was to be delivered free on board the cars, that does not mean that they were not to be paid for on delivery; and for the purpose of payment it is apparent that the delivery was to be at Kansas City. This, as before stated, was the construction the parties gave the contract. It was necessarily their intention; for the purchase itself, nothing

appearing to the contrary, meant a cash sale, and defendant not sending the cash to San Francisco, but ordering the goods to be shipped, shows that he understood the cash payment would be made on delivery at Kansas City. Plaintiff had the same view, for he shipped without receiving the money, and attached a sight draft to the bill of lading, with instructions not to deliver till draft was paid.

The court gave a further declaration that the finding must be for defendant, for the reason that plaintiff included the item of $14.10 in the sight draft. This was error, for the reason that, conceding plaintiff should not have included said item, yet his mistake, when he immediately ordered the item deducted, did not justify defendant refusing to pay for, and receive the goods; especially as defendant so recognized the matter by asking plaintiff to deduct that item.

It is evident that the two theories shown in these declarations are what prevented plaintiff from recovering judgment in the trial court. The case on the facts is plain enough; there is no substantial dispute in the evidence. Defendant only complained of the one item as aforesaid. An offer was made to deduct this and yet he refused to accept the car, or pay the money for the cabbage.

After determining the legal phase of the case, as presented by the instructions, as we have determined them, it is left quite plain that plaintiff should recover the amount of the difference between the best price to be obtained at Kansas City, after the cabbage was left on his hands, and what he was to receive from defendant. This, added to the freight charges and reasonable cost of crates in which cabbage was shipped, would cover plaintiff's recovery.

The judgment is reversed and cause remanded. All concur.