## TUCKER, *Adm'r*, v. McLAUGHLIN-FARRAR CO.

No. 2257.    Opinion Filed December 7, 1912.

(129 Pac. 5.)

**VENDOR AND PURCHASER—Rights of Parties—Rents.** Where a sale of property is evidenced by a written contract, under the terms of which the use and possession of the property is reserved to the vendor until all the purchase price is paid, in the absence of a stipulation in the contract, or proof of a subsequent agreement as to the rents, the vendee is not entitled thereto until he has fulfilled his contract.

(Syllabus by Harrison, C.)

*Error from District Court, Osage County;*
*John J. Shea, Judge.*

Action by W. C. Tucker, administrator of the estate of David Fronkier, deceased, against the McLaughlin-Farrar Company for rent. Judgment for defendant, and plaintiff brings error. Affirmed.

*Boone, Leahy & MacDonald,* for plaintiff in error.

*Grinstead, Mason & Scott,* for defendant in error.

Opinion by HARRISON, C. This action was begun in the district court of Osage county, April 5, 1909, by W. C. Tucker, administrator of the estate of David Fronkier, deceased, against the McLaughlin-Farrar Company, for rent, alleged to be due to the estate of David Fronkier, on the ground that David Fronkier was the owner of certain lots in the town of Pawhuska, and the owner of certain buildings on said lots, which buildings had a rental value of $30 per month, and which had been used by the McLaughlin-Farrar Company, without payments of rent, until the rent due amounted to $1,200. Wherefore they ask judgment for said amount. Defendant answered by general denial, and, as a further defense, pleaded a contract entered into December 18, 1905, by and between McLaughlin & Farrar, a partnership, which was succeeded by McLaughlin-Farrar Company, a corporation, and David Fronkier, during his lifetime, whereby defendants at-

tempted to show that prior to the time which title to lots in the town of Pawhuska had been conveyed to any one by the town-site commission defendants had possession of the lots in question, and owned the buildings thereon; that they sold said buildings to David Fronkier, conveying same by written contract, signed by McLaughlin & Farrar and David Fronkier, by the terms of which Fronkier paid $100 in cash, the balance to be paid October, 1906, the contract further providing that the title in and possession of said buildings should remain with McLaughlin. & Farrar until the balance of the purchase price was fully paid, and that they should have 60 days after payment of purchase money in which to give possession of the buildings to Fronkier. The cause was tried in October, 1910, and judgment rendered in favor of defendant. From this judgment plaintiff appealed to this court.

All the assignments of error grow out of the one decisive question involved, viz., whether the judgment of the court was sustained by sufficient evidence, and whether the court as a matter of law, under the evidence before it, misconstrued the contract in question.

The contract is as follows:

"Contract for sale of building. This agreement made and entered into this the 18th day of December, 1905, by and between David Fronkier, party of the first part, heirs and assigns, and McLaughlin & Farrar, parties of the second part, witnesseth: That in consideration of one thousand dollars ($1,000.00) to be paid as hereinafter stated, said parties of the second part hereby bargain, sell and deliver all buildings and improvements erected by them on lot 15, and ten feet off of the west side of lot 10 in block 81, Pawhuska, as shown by the official plat of the town-site board, payments to be made as follows: Cash in hand one hundred dollars, receipt of which is hereby acknowledged, and nine hundred dollars on October, 1906. It is further agreed and understood that the title to the ownership of said buildings and improvement does not pass from the said McLaughlin & Farrar until the payment has been made in full, and that said McLaughlin & Farrar shall have possession of all buildings and improvements on said lot until payment has been made in full, and shall have sixty days' time in which to vacate and give possession after the final payment has been made. Dated at Pawhuska, Okla., this the 18th day of December, 1905."

In addition to the contract the court heard oral testimony from both plaintiff and defendant, and, upon the contract, the oral testimony, and an agreed statement of facts, the court rendered judgment for defendant; the facts agreed upon being as follows:

"It is admitted by the parties, plaintiff and defendant: That prior to the 18th day of December, 1905, the defendants, McLaughlin-Farrar Company, were the owners of certain improvements consisting of a one-room store building with a shed attached thereto, and that they were located on lot 15, and 10 feet off of the west side of lot 16, in block 81 of the city of Pawhuska, Okla. On the said 18th day of December, 1905, McLaughlin-Farrar Company contracted with David Fronkier, deceased, with relation to said improvements. That said contract was in writing, and such writing is offered in evidence as 'Exhibit A.' That thereafter the town-site commission awarded to the said David Fronkier, deceased, the preference right to purchase said described real property. That he also purchased the same, and received the deed from the said commission on or about the 1st day of June, 1906, and has at all times since that time been the owner of such real property. That at the time of the entering into the written contract offered in evidence as 'Exhibit A' the said David Fronkier paid to said McLaughlin-Farrar Company the sum of $100 in cash, and that no other sum has been paid by the said David Fronkier, deceased, or his representatives, to the said McLaughlin & Farrar, or their assigns. That the said McLaughlin-Farrar Company have been in the possession and occupied said improvements since the 18th day of December, 1905, and have not paid any rent for the same. That the said improvements mentioned in said contract have at all times mentioned been situated upon said lots, and that the said property has not been transferred from David Fronkier or his estate. That David Fronkier was a Kaw Indian and could not read or write. That F. W. Farrar, a white man, drew the contract, Exhibit A. That the claim of $900 was presented to plaintiff and refused unless defendant would account for rent."

From the record before us we cannot say that as a matter of law the court misconstrued the contract and rendered an erroneous judgment, for, under the issues presented by the pleadings, plaintiff's title to the building was obtained through, and evidenced by, the foregoing contract, and, under the agreed statement of facts, the contract had not been complied with by plaintiff;

he having made default in payment of the purchase price, thereby failing to do the very thing which would have given him the right of possession. The contract plainly provides that McLaughlin & Farrar expressly reserved possession of the property, until the contract price was paid. And it is agreed that the $900, balance due, had not been paid. Under this state of facts we do not feel justified in holding that the court erred in its findings of fact. Nor can we say that upon such findings of fact the court erred in its conclusions of law; the material feature of the conclusions of law being that a contract of sale, which reserves possession of the property to the vendor until the contract price is paid, is valid. In *Masoner v. Bell,* 20 Okla. 618, 95 Pac. 239, 18 L. R. A. (N. S.) 166, in an opinion by Mr. Justice Turner, this court held:

"The payment of the purchase price becomes a condition precedent by legal implication, and, except in the event of waiver by the vendor, title does not vest in the buyer until after performance of such condition. Those principles are upheld and asserted by an unbroken line of decisions of the appellate courts of this state, as well as by the treatises of the most eminent writers upon the subject. Friedeman, Sales, sec. 93; 1 Benjamin, Sales (4th Ed.) 318, 345; *Southwestern, etc., Co. v. Stanard,* 44 Mo. 71, 100 Am. Dec. 255; *Hall et al. v. Railroad,* 50 Mo. App. 179; *Stresovich v. Kesting,* 63 Mo. App. 57."

The principle involved in the case *supra* is the identical principle involved in the case at bar, viz., the right to reserve possession until the contract is paid.

The judgment of the court below should, therefore, be affirmed.

By the Court: It is so ordered.