McLURE v. SHERMAN et al.

(Circuit Court, D. Montana.   October 15, 1895.)

No. 404.

1. EQUITY—PRELIMINARY INJUNCTION—SALE OF STOCK.
    Complainant's bill, in a suit for specific performance of a contract for the sale of stock in a mining company, alleged that such stock was of uncertain value, and could not be purchased in the market at any fixed price, and that defendant threatened to sell the stock.   The affidavits submitted by the parties, on a motion for a preliminary injunction to restrain defendant from selling the stock, presented a conflict of evidence, as to the existence of the contract, upon which a decision either way might be reached.   Defendant admitted that he would sell the stock if an opportunity offered.   *Held*, that a preliminary injunction should be issued, upon complainant's giving security to protect defendant from loss.

2. STATUTE OF FRAUDS—SALE OF PERSONALTY—CHECKS.
    A check, drawn upon a deposit in the bank named as drawee, has a money value, and is a sufficient part payment of the price, upon a sale of personal property, within the statute of frauds.

This was a suit by Charles D. McLure against F. W. Sherman and the Sunrise Mining & Milling Company, of Phillipsburg, Mont., for the specific performance of a contract.   Plaintiff moved for a preliminary injunction.

McConnell, Clayberg & Gunn, Toole & Wallace, and Forbis & Forbis, for complainant.

Sanders & Sanders and F. M. Durfee, for defendants.

KNOWLES, District Judge.   The question presented to the court in this matter is as to the right of plaintiff to an injunction, pending the suit, restraining the defendant from disposing in any manner of some 95,000 shares of the stock in the Sunrise Mining & Milling Company, a corporation owning and working certain gold mines in Granite county, Mont.   The plaintiff charges, in his bill, that defendant Sherman sold him these 95,000 shares of stock; that the same is of uncertain value, and cannot be purchased in the market at any fixed price, and asks that the said defendant Sherman be decreed to convey the same to him.   The said defendant, in his affidavit, denies this sale.   The ground upon which the injunction is asked is that said defendant threatens to sell and dispose of this stock, in order to avoid the effect of any decree of this court ordering him to deliver the said stock to plaintiff.   The object sought is to prevent a conveyance of this stock until the final termination of this suit.

It is not necessary for the court, in this proceeding, to determine fully as to the merits of this case, and decide whether, as a fact, such a sale as is alleged in the bill ever took place.   If, in considering the facts presented by the evidence, it appears that there is a contest between the plaintiff and defendant, of such a nature as would justify the court in saying that plaintiff might recover, then an injunction may properly issue.   In the case of Andrae v. Redfield, 12 Blatchf. 425, Fed. Cas. No. 367, the court says: "It is often granted when the question is important and doubtful."   "Decisions of the

court, granting or refusing a preliminary injunction, are not conclusive, either upon the court or the parties, and are not intended to be so in a subsequent disposition of the cause by decree." See, also, 10 Am. & Eng. Enc. Law, p. 788, note 1.

In this case I find that the plaintiff swears positively, in his affidavit, to a contract in which he purchased these 95,000 shares of Sunrise Mining Company stock. The defendant as emphatically denies this contract in his affidavit. The plaintiff's affidavit is supported by the affidavits of several parties, who state that defendant admitted having made the contract of sale, but claimed it was not a valid contract, because he had received no money on the same, but only some checks, which he returned to plaintiff. There are affidavits of other parties who swear that some of these parties, making affidavits in behalf of plaintiff, made statements contradictory to those stated in their affidavits.

If the case rested upon the written proposition made to plaintiff by defendant, then I think, as I am now advised, that plaintiff could not recover. That proposition was treated by plaintiff as a proposition, made to him as the president of the Combination Mining Company and not as made to him individually. This proposition was, perhaps, coupled with other propositions to that company of such a nature as would require an acceptance of all propositions contained in the letter, or there would be no valid acceptance of any one of them. The plaintiff, however, claims that, after he reached Phillipsburg, Mont., about January 8, 1894, he had a verbal contract with defendant Sherman, the same as that described in the written proposition made by Sherman, which it is claimed was to the said Combination Company. This, then, would be entirely a verbal contract; and within the statute of frauds, unless some money as part payment, or something of a money value, was given by plaintiff to defendant, and accepted by him on this contract. Plaintiff claims that, by an agreement with the defendant Sherman, two checks of $2,000 each, which had previously been placed in the hands of Sherman with which to purchase the stock of the Sunrise Mining Company from other parties, and which, at the time of the contract of the purchase of these 95,000 shares of stock, had not been used, should be taken as a payment on this stock. Defendant denies this statement of plaintiff. There is some evidence, besides that of defendant, to the effect that, as a matter of fact, defendant Sherman did not accept these checks as a payment on the purchase of this stock. This occurs in a former pleading of plaintiff, and in an affidavit previously filed in a suit in this court. There are, however, uncontradicted affidavits to the effect that Sherman admitted he had received these checks on this contract, but held that, because they were not money, he could not be held on account of such receipt. What is the exact truth about this matter, it is not easy to say. Here is presented a dispute, which any one called upon to try this case on its merits might be justified in finding either way, according as credence would be given to the evidence of one party or the other. As was said before, the court is not called upon to determine the truth in this respect upon this motion.

The next question presented is, could these checks be considered as a part payment on this sale, if there was one? It is not necessary that the payment should be in money. The statute is complied with if the thing delivered to the person making the sale is worth money, or has a value in money. These checks were not money, but I think, if they were drawn upon a deposit in the bank named therein as the payee, they had a money value. A check given to a person in the ordinary course of business is of such value that the person who receives it cannot look to the drawer of the check for the amount named therein until he has presented the check to the drawee or payee for payment, and payment refused. Murray v. Judah, 6 Cow. 484; Cowing v. Altman, 71 N. Y. 435, 440; Little v. Bank, 2 Hill, 425; Cruger v. Armstrong, 3 Johns. Cas. 5. Under the authorities, I think a check, such as those described in this case, must be considered to possess a money value. It is certain they would be so considered by those dealing in such securities.

Before an injunction can be issued pending a suit, it must be made to appear that plaintiff is threatened with great and irreparable injury, from which it is claimed the injunction would protect him. In this case it is claimed the defendant Sherman threatens to dispose of the stock in dispute, so as to prevent plaintiff from receiving the same. There is evidence to support this claim, and evidence which denies any such intention. The said defendant Sherman, however, says in his affidavit that, if a proper opportunity is presented, he will sell this stock, as he has a right to do. The suit is for this 95,000 shares of stock. If the plaintiff cannot have a decree for this stock, his suit will be fruitless, for it is alleged in the bill that a market value cannot be placed upon this stock. One obtaining this stock for value, without notice of plaintiff's rights, would, perhaps, obtain a good title to the same. It does appear that the defendant Sherman is not insolvent. But the very ground upon which the equity of this suit rests is that there is no adequate means of measuring the value of this stock in the market, and hence a suit for damages against said Sherman would not afford adequate relief.

The conclusion I have reached is that the injunction will issue in this case upon the plaintiff executing a proper bond, with two sureties, in the sum of $50,000, conditioned to save the defendant Sherman harmless on account of the issuing of this injunction.