## COWAN v. DE HART.

(Supreme Court, Appellate Term. November 6, 1903.)

1. SALE—BREACH OF CONTRACT—DAMAGES.

    The measure of damages for breach of contract to purchase stock at a certain time and price is the agreed price, the seller electing to sue for the price and hold the stock for the purchaser.

2. SAME—TENDER.

    The complaint in an action for breach of contract to purchase stock being consistent with the seller's election to sue for the price and hold the stock for the purchaser, no tender is necessary.

3. SAME—VARIANCE.

    The mere denomination by plaintiff, in his testimony in an action for breach of a written contract to purchase, of the transaction leading to the agreement as a loan, does not constitute a variance.

Appeal from City Court of New York.

Action by Joseph J. Cowan against George De Hart. From a judgment on a verdict directed for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

George Hahn, for appellant.
Denis A. Spellissy, for respondent.

BISCHOFF, J. The action was upon a written agreement to purchase stock for a stated price at a day certain, and, the defendant's failure to purchase being admitted by the answer, the plaintiff's right to judgment depended upon proof of the agreement. This was proven by the instrument itself, and there is no suggestion in the record that any question of fact was deemed to arise as to the fact of the agreement. With the agreement and its breach established, the damages were measured by the agreed price of the stock, the plaintiff having elected to sue for the price, and to hold the stock for the vendee. Moore v. Potter, 155 N. Y. 481, 50 N. E. 271, 63 Am. St. Rep. 692. The form of the complaint is consistent with this election, and thus no tender was necessary after the breach of the contract to purchase.

The cause of action was proven directly in accord with the pleading,

and the fact that the plaintiff, in his testimony, denominated the transaction leading to the agreement as a loan, does not alter the cause of action—itself upon the agreement—nor import a variance between the pleading and the proof.   No ground for reversal, therefore, is presented by anything to which our attention is directed upon this appeal, and no substantial reason for an appeal is indicated.

Judgment affirmed, with costs.   All concur.