## SUMMERS *v.* WOOD.

### Opinion delivered November 12, 1917.

SALE OF CHATTELS—STATUTE OF FRAUDS—PAYMENT BY CHECK—INTENTION OF THE PARTIES.—Chattels valued at over $30 were sold by appellant to appellee, there being no writing evidencing the transaction. However, appellee gave appellant a draft in part payment for the goods bought. *Held,* a draft or check, when delivered and received may operate to take an oral undertaking out of the operation of the statute of frauds, when so intended by the parties as payment and the intention of the parties is a question for the jury.

Appeal from Craighead Circuit Court, Jonesboro District; *R. H. Dudley,* Judge; reversed.

*Basil Baker* and *Horace Sloan,* for appellants.

1. The statute of frauds does not apply. There was part payment by check and it was given and accepted as such. Part payment may be made by check. 70 Fed. 190; 128 S. W. 285. The Federal case is supported by the better reason and weight of authority. 25 Cyc. 1329; 94 Ark. 387, 390; 119 Pa. St. 30.

2. The question should have been submitted to a jury as to whether the check was accepted as part payment.

3. The defense of the statute of frauds was waived by failure to object to the evidence. 43 Cal. 274; 77 *Id.*

427; 63 Mo. App. 293; 9 Neb. 174; 31 S. W. 317; 46 Vt. 151; 47 *Id.* 348; 19 Ann. Cas. 317.

*N. F. Lamb, C. D. Frierson* and *Eugene Sloan,* for appellee.

1. There was no waiver of defense of the statute of frauds by failure to object to evidence. 38 Atl. 265; 19 Ann. Cas. 317, 72 N. W. 768. The cases cited by appellants do not sustain their position. The defense was insisted on all through the case.

2. The check was not part payment. 20 Cyc. 277; 10 Barb. 573; 28 How. Pr. 463; 128 N. W. 243; 128 S. W. 285, 72 Mo. App. 613; 130 N. W. 208; 147 N. Y. S. 44; 29 Am. & Eng. Enc. of Law (2 Ed.), 970; 76 Wash. 600; Ann. Cas. 1915 D. 348, note. With the exception of 70 Fed. 190, the rule is uniform that a check is not payment within the statute of frauds, unless it is given and accepted as payment. The payment contemplated is actual payment. § 7067 K. & C. Digest; 98 Ark. 1; 100 Ark. 537.

3. Diligence was shown by Wood. The trade was rescinded and he made due efforts to return the draft.

4. There was no question for a jury. 71 Ark. 445; 57 *Id.* 461; 145 U. S. 593; 6 Enc. Pl. & Pr. 679-680; 97 Ark. 438.

SMITH, J. Appellants were plaintiffs in the court below, and sued to recover the difference between the contract price and the market value on the sale of 110 head of sheep. Appellee defended upon the ground that the agreement, if any made, related to the sale of goods, wares and merchandise for the price of more than $30 and was, therefore, within the statute of frauds. Appellants alleged that a partial payment of $50 had taken the transaction out of the statute. A verdict was directed in appellee's favor, and, in reviewing this action, we need, therefore, only consider the undisputed evidence and that offered in appellant's behalf.

It was shown by the vice-president and by the cashier of the Bank of Jonesboro that Freer had arranged with

that bank to cash drafts drawn by him on Mark Summers, of West Plains, Missouri, and that the draft drawn in payment of the sheep would have been paid upon presentation. But it was never presented. These officers stated that had payment of the draft been refused, they would have charged it to the account of appellee; but there was no reason to assume that the jury would have found that such a contingency would have arisen, because the officers of the Bank of Jonesboro testified that the Bank of West Plains, Missouri, had agreed to honor all drafts drawn by Freer on Summers and cashed by the Bank of Jonesboro.

The draft in question reads as follows:

"MARK SUMMERS,      Live Stock Dealer      No. 1214.
                    West Plains, Mo., Aug. 29, 1916.
    Pay to the order of S. W. Woods           $50.00
Fifty _____Dollars
                         pounds
For purchase money of on 110 head sheep sold me, W. D. Freer.
                    (Signed) W. D. Freer, Buyer.
To Mark Summers,
      West Plains, Mo.
        122 West Main Street."

The terms of the sale were completely agreed upon, and the necessity only remained of weighing the sheep to ascertain the balance due. The check was given in part payment of the purchase price, and was accepted as such. Appellee denies that this was done, but as there was evidence tending to establish that fact, we must assume that the jury would have so found had the cause been submitted on that issue.

The briefs in the case are largely devoted to a discussion of the question whether part payment of the purchase money can be made by check or draft, thereby taking the transaction out of the statute. Our statute on the subject reads as follows:

"No contract for the sale of goods, wares and merchandise, for the price of thirty dollars or upward, shall be binding on the parties unless, first, there be some note or memorandum, signed by the party to be charged; or, second, the purchaser shall accept a part of the goods so sold, and actually receive the same; or, third, shall give something in earnest to bind the bargain, or in part payment thereof." Section 3656 of Kirby's Digest. It will be noted that the statute does not require the payment to be made in money.

The cases chiefly relied upon by counsel are those of *McLure* v. *Sherman,* 70 Fed. 190, and *Groomer* v. *McMillan,* 128 S. W. (Mo.) 285. The Federal case held that payment may be made by check; while the Missouri case held to the contrary. The Missouri case recognizes a check, however, as sufficient if it is received by the seller as an absolute payment, but says that this fact must be clearly established.

Payment is defined in Volume 29 Am. & Eng. Enc. of Law, (2d Ed.), pages 969, 970, as follows: "What the parties agree shall constitute payment, the law will adjudge to be payment. It is competent for parties to designate by their contract how and in what payment may be made. It is by no means true that payment can only be made in money; on the contrary, it may be made in property or in services. In short, whatever the parties agree shall constitute payment will be regarded by the courts as payment, provided the thing agreed upon is of some value. A check given by the buyer when it is accepted in payment and is actually paid satisfies the statutes."

And in 30 Cyc. p. 1191, it is said: "An order drawn by the debtor upon a third person in favor of the creditor for the payment of money or goods is not a payment of the debt unless such order has been actually paid, or accepted by the creditor as a discharge of the debt *pro tanto.* It is not enough that the creditor accepts the order unless he accepts it as a payment. On the other hand, if the order is accepted by the creditor as pay-

ment, or is actually paid to the creditor, or if the creditor agreed to accept such order when the debt was created, the debt is extinguished *pro tanto*. At any event, where due diligence is not used in collecting or enforcing the accepted order, whereby the claim is lost, the order is deemed a payment." These authorities cite a large number of cases which discuss this subject of payment.

The question here involved was considered by the Supreme Court of Iowa in the case of *Rohrbach* v. *Hammill,* 143 N. W. 872. It was there said: "We understand the contention of appellant to be that there must be an actual payment of a part of the consideration before the contract is taken out of the statute of frauds; that the delivery of a check is not a payment in itself and of itself until the same is paid, until the consideration, evidenced by the check, has passed into the hands of the vendor. This proposition is supported by authority, but it is also true that parties may agree that a check be taken as absolute payment of the debt, or in discharge of a portion of the consideration agreed to be paid, and it will then have the effect of a payment, taking it out of the statute of frauds." And in the opinion, the court pointed out that, as there was evidence to support the purchaser's theory, that the check had been given and received as payment *pro tanto* of the purchase price, that question was properly submitted to the jury. In the discussion of the law of the question, that court said:

"A check, such as the one in question, is a negotiable instrument. It is a thing of value. It may be the subject of larceny. Checks are in common use, and pass from hand to hand. It is the usual and ordinary way of transacting business of any magnitude, and courts take judicial notice of such custom. Courts ought not to assume ignorance of that which is known to all men. The subject here under discussion is considered in *Groomer* v. *McMillian*, 143 Mo. App. 612, 128 S. W. 285; *Griffin* v. *Erskine*, 131 Iowa 444, 109 N. W. 13, 9 Ann. Cas. 1193.

"The case of *Conde* v. *Dreisam Gold Min. & Mill Co.,* 3 Cal. App. 588, 86 Pac. 828, we think states correctly the

rule as applied to cases of this kind as follows: 'It is further claimed that a draft or check is only conditional, and not absolute, payment of the debt for which it is given, and does not extinguish the debt, unless it is expressly agreed that it shall constitute payment. This is undoubtedly the rule in this State. * * * Mr. Benjamin thus states the rule: 'A check is accepted as a particular form of cash payment, and, if dishonored, the vendor may resort to his original claim, on the ground that there has been a defeasance of the condition on which it was taken.' Benjamin on Sales (7th Ed.) pp. 755, 772. We do not, however, understand the rule to require that there should be express words or writing of the parties agreeing that the check should be absolute payment. The circumstances and the conduct of the parties taken together may show an express understanding that the check is taken in satisfaction of the debt, or estop the creditor from claiming the contrary.''

And we approve the conclusion of that court that, while a delivery and acceptance of a check or draft does not, in all cases, discharge the original debt *pro tanto,* but that it may be so delivered and received, and that, when this is done, payment has been made and the transaction in which it was made is taken out of the statute of frauds. This question should have been submitted to the jury, and for the error of the court in failing so to do, the judgment will be reversed and the cause remanded.