## No. 10,420.

### SILVERBERG, ET AL. *v.* KIESLER.

Decided July 2, 1923. Rehearing denied October 1, 1923.

Action on contract. Judgment of nonsuit.

### Reversed.

1. PLEADING—*Complaint—Assumpsit.* Allegations of a complaint in an action on contract reviewed, and held to state a cause of

action equivalent to special assumpsit at common law, except that no damages are alleged.

2.        *Damages—Breach of Contract.*  Where the contract alleged is in substance, only to pay money, and the breach is the failure to pay, no special damages need be alleged.

3.        *Complaint—Prayer.*  A demand for judgment answers the purpose of the common law *ad damnum.*

4.        *Replication—Stipulation.*  Where by stipulation after the issues were made up, defendant was allowed to plead the statute of frauds, and the stipulation provided that the new matter should' be considered as denied, and that plaintiff need file no replication, it is held that a sufficient replication must be considered as filed.

5.  FRAUD—*Statute of Frauds—Avoidance.*  If a note or check is given and accepted as part payment for articles sold, it is sufficient to avoid the statute of frauds.

6.  APPEAL AND ERROR—*Nonsuit—Presumption.*  On review of a judgment of nonsuit, the appellate court will assume that the plaintiff's evidence is true.

7.  FRAUD—*Statute—Nonsuit.*  In an action for the price of corporate stock, a note and mortgage sold, delivery to defendant's attorney held sufficient to avoid the statute of frauds, and a nonsuit on the ground of a violation of the statute, improperly granted.

8.  PLEADING—*Party in Interest.*  In an action for property sold and delivered, evidence reviewed and held not to support the contention that the action was not instituted by the real party in interest.

9.  ACTIONS—*Breach of Contract—Remedies.*  Where there is a breach of an executory contract of purchase, plaintiff has the choice of three courses:  To keep the goods and sue for damages for breach of the agreement to purchase; to hold the goods for the defendant and sue him for the purchase price; or sell the goods and sue for the difference between the proceeds and the purchase price.

10. SALES—*Defective Title—Rescission.*  Under the facts in this case it is held that one may not refuse to accept property which he has contracted to purchase, because of alleged defective title; that he had no more than a right to rescind upon discovery of the defect, and that the rescission should be made within a reasonable time.

*Error to the District Court of the City and County of Denver, Hon. Warren A. Haggott, Judge.*

Mr. PHILIP HORNBEIN, for plaintiffs in error.

Mr. HENRY E. MAY, Mr. I. L. QUIAT, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

JACOB and SAMUEL SILVERBERG, plaintiffs below, were nonsuited in an action for the price of certain stock, together with a note and chattel mortgage securing the same, all of which they claimed to have sold to defendant; and they bring error.

The substance of the complaint is that the plaintiffs agreed to sell to defendant certain of the capital stock of the National Metal & Refining Company, a note executed by said company for $4,500, and a chattel mortgage securing same, all for the sum of $4,500, and that defendant, in consideration of that agreement, agreed to buy said stock, note and mortgage, and to pay the plaintiffs $4,500 therefor; that the plaintiffs were ready and willing to assign and deliver and had demanded payment but that the defendant refused to purchase or pay. There follows a demand for judgment for $4,500, and interest.

A demurrer to the complaint for want of facts was overruled and defendant now claims that it should have been sustained. We think not. The above facts make a perfect cause of action exactly equivalent to special assumpsit at common law, except that no damages are alleged. Since the contract here alleged is, in substance, only to pay money and the breach a mere failure to pay, no special damages need be alleged. 1 Estee's Pleading, § 326; *Wolf Co. v. Bank Commissioner*, 71 Colo. 486, 208 Pac. 462. And the demand for judgment answers the purpose of the common law *ad damnum*. Code 1921, § 55; *Vincent v. Mutual Reserve F. L. Ass'n*, 75 Conn. 650, 654, 55 Atl. 177; *Sanford v. Bacon*, 75 Conn. 541, 54 Atl. 204.

Defendant's counsel seem to have misconceived the situation, and consequently their citations are not conclusive. This is not a suit for specific performance nor for goods sold and delivered. *Leeper v. Schroeder,* 24 Colo. App. 164, 169, 132 Pac. 701.

Our conclusion is, therefore, that the demurrer was properly overruled.

The grounds of the motion for nonsuit were: That the contract was within the statute of frauds; that under the evidence plaintiffs were not the real parties in interest; that plaintiffs had not proved their complaint; that they had shown no liability on the part of the defendant.

As to the statute of frauds: By stipulation after the issues were made up defendant was allowed to plead this defense by way of amendment. The stipulation closes with these words: "It is further stipulated that it shall not be necessary for the plaintiff to file any replication to this amendment, and that the same may be considered as denied by the plaintiff."

No replication to the amendment was filed. Defendant now claims that plaintiffs, in reply to the specific allegations of the defendant that there was no writing, delivery or part payment, ought to have pleaded specifically and affirmatively the points they relied on to escape the statute, but under the above stipulation a sufficient replication must be considered as filed.

The plaintiff, to avoid the statute, offered evidence tending to show and offered to prove that defendant gave his note payable to one M. Silverberg, father of one of the plaintiffs, for $1300 in part payment of the purchase price.

The defendant claims that a note is not payment sufficient to avoid the statute, and he cites some authority to that effect, but the rule as generally stated seems to be that if a note or check is given and accepted as part payment it is enough. 27 C. J. 255; *Bates v. Dwinell,* 101 Neb. 712, 164 N. W. 722, L. R. A., 1918 B, 900; *Gay v. Sundquist,* 42 S. D. 327, 175 N. W. 190; *Summers v. Wood,* 131 Ark. 345, 198 S. W. 692; 1 Chitty on Contracts (11th Am. Ed.)

p. 565; *McLure v. Sherman,* 70 Fed. 190, 192; *Hunter v. Wetsell,* 84 N. Y. 549, 554, 38 Am. Rep. 544. And in the present case, since there was a nonsuit, we must assume that the plaintiffs' evidence was true and that the note was given and accepted as part payment. It follows that the statute of frauds was not sufficient ground to support the nonsuit.

Further, on this point: The plaintiffs' evidence shows that the stock, note and mortgage were delivered at the request of the defendant to his attorney in pursuance of the contract of sale. This, for the purpose of the motion for nonsuit, should have been taken as true, and, if so, the nonsuit could not have been granted on the ground of this statute. True, the stock and mortgage and perhaps the note were afterwards returned to the plaintiffs, but the plaintiffs' evidence is that that was done at the plaintiffs' request for the purpose of delivering them to their attorney to enable them to proceed against the defendant for a breach of the contract; while, therefore, this might prevent and perhaps did prevent an action for goods sold and delivered, it could not revive this operation of the statute of frauds. The delivery satisfied the statute and the return without rescission would not abrogate the contract.

As to the real party in interest: It is claimed that there was evidence that the plaintiffs were not, but that Max Silverberg was, the real owner of the claim against the defendant; but there was also evidence that he was not, that the plaintiffs were such owners; it appears also that the legal title to most of the stock and to the note and mortgage was in plaintiffs, the nonsuit, therefore, could not be granted on this ground. *Koch v. Story,* 47 Colo. 335, 107 Pac. 1093.

As to the failure to prove the complaint: The gist of the complaint is the breach of the executory contract of purchase. The plaintiffs then had their choice of three courses: 1. To keep the goods and sue for damages for breach of the agreement to purchase; 2. To hold the goods for the defendant and sue him for the purchase price;

3. To sell the goods and sue him for the difference between the proceeds and the purchase price. *Osgood v. Skinner,* 211 Ill. 229, 71 N. E. 869; *Cowan v. De Hart,* 84 N. Y. Supp. 576; *Leeper v. Schroeder, supra.* The second seems to be what they did. Whether the goods had been delivered or only bargained and sold, or even though the title had not passed, the plaintiffs were entitled to the contract price. They gave evidence that there was an agreement to purchase which they were willing and ready but defendant refused to carry out. This substantially proved their case.

It is claimed that the plaintiffs could not deliver the note which they had sold. The evidence was that at the time of the trial it had been mislaid and could not be found, but there was some evidence that it was in possession of defendant, which we must take to be true, so there is no ground of nonsuit here.

It is claimed that the defendant had a right to refuse to take the stock and notes, because the company, in purchasing its property from a partnership composed of the plaintiffs, did not comply with the bulk sale statute, C. L. § 3756, and so its title thereto was invalid and the stock and note and chattel mortgage valueless; but the plaintiffs, in addition to what has been noted above, alleged in their complaint and offered to prove that immediately upon the oral agreement to sell and purchase the defendant instructed the plaintiffs to stop the operation of the company's plant and that they therefore did so. At the trial the court declined to let the plaintiffs prove this. It was clearly relevant to the issue, contract *vel non,* which was the main issue in the case, and it was material, because if true, there was almost certainly a contract of some kind. It also appeared in evidence, or was offered to be proved, that the stock sold constituted a controlling interest in the company, and that the purpose of the purchase, on the defendant's part, was to escape the competition of the plaintiffs' business. The defendant, if he is right about the effect of the bulk sale law upon this case—a point which we do not decide—had no more than a right to rescind

upon the discovery of this defect in the company's title to the mortgaged property. He had no right to wait until the plaintiffs had given him the benefit of his purchase by the sacrifice of their whole business by stopping operation, and then rescind; he must do it in a reasonable time, and a reasonable time is very short when the opposite party is acting on the theory that the contract will be carried out. *Brown v. Gordon-Tiger Co.*, 44 Colo. 311, 97 Pac. 1042. The defendant, called under the statute, testified that he did rescind immediately (though he does not say for this cause) but this is denied. The question was for the jury.

Other questions we do not think it necessary to notice.

We think the granting of the motion for nonsuit was error. The judgment is reversed and new trial granted.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.