No. 12,774.

THOMPSON v. SWAIN FLOUR BROKERAGE COMPANY.
(25 P. [2d] 745)

Decided September 18, 1933.

Mr. WAYNE C. WILLIAMS, for plaintiff in error.

Mr. HAROLD F. COLLINS, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to as Thompson and the company respectively.

Thompson, a Denver baker, contracted with the company for flour. After delivery, acceptance and use of a portion, Thompson, claiming the flour delivered was inferior to that purchased, refused to accept the remainder. This the company thereupon sold and sued Thompson for an unpaid balance on that accepted, plus its loss and damage on that resold, a total of over $800, and interest. Thompson pleaded the inferiority of the flour delivered and damage by reason thereof and counterclaimed for the difference in price, plus such damages, a total of almost $1,500. The cause was tried to the court and the company had judgment for $884.08. To review that judgment this writ is prosecuted. No reply brief was filed.

The only assignments which merit consideration are, that the court refused to consider material and relevant testimony, and that the judgment is unsupported by the evidence.

The contract called for "Competition Spring (Old Flour)." Thompson's position is that he is entitled to show what the parties understood was meant by this

designation and that such understanding was "Northern, or Montana, Spring Wheat flour." He so testified. But that testimony is flatly contradicted. It is doubtful, from the record, whether the court considered this testimony. Ordinarily such a failure would be error. *Johnson v. Johnson,* 87 Colo. 207, 215, 286 Pac. 109. Here, however, it is not, and for this reason: This flour was put up by the company under its own brand, i. e., "Competition Spring (Old Flour)," and was described on the label as "milled from hard northern spring wheat." All this was admittedly known to Thompson when he made his contract. Furthermore, prior to entering into that contract he had bought from the company and used over 150 sacks of this identical flour. Since he accepted deliveries each week over a period of more than four months, and since it is admitted that the flour formerly purchased and used and that delivered and accepted under the contract were identical in brand and quality, Thompson could not have been deceived. Any attempt to show that a different kind or quality was contracted for would clearly be an attempt to alter the writing by parol.

The company's right, on Thompson's breach, to re-sell and sue for the difference, is clear. *Silverberg v. Kiesler,* 74 Colo. 21, 217 Pac. 70.

The judgment is affirmed.

Mr. Chief Justice Adams and Mr. Justice Bouck concur.