HALL & ROBINSON, Respondents, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 16, 1892.

1. **Sales: PAYMENT: PRESUMPTION: WAIVER.** Where no time is stipulated by contract for payment of the purchase price, its payment is a condition precedent implied by law, and the property does not vest in the vendee until he performs the condition, unless the seller waives it, which he may do, as he may also waive cost and accept a check as payment; but taking a check does not raise the presumption that he takes it in payment, but the contrary is the case.

2. **————: ————: CHECK: AGENT: ACCORD.** The holder of the check, in one sense, becomes the agent of the drawer to collect the money on it; and, if it is dishonored, there is no accord and satisfaction.

3. **————: ————: DELIVERY: RECAPTION.** Where goods are sold for cash on delivery, and payment is made by the purchaser by check on his bank, such payment is only conditional, and the payment of the goods also conditional; and, if the check is dishonored, the vendor may retake his goods.

| 50 | 179 |
|----|-----|
| 54 | 406 |
| 50 | 179 |
| 63 | 105 |
| 50 | 179 |
| 81 | 288 |
| 50 | 179 |
| 92 | 203 |
| 50 | 179 |
| 101 | 2259 |

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Elijah Robinson*, for appellant.

(1)   However, it is an uncontroverted fact in this case that they did deliver the grain to Nathan without demanding or receiving the purchase price, and without anything whatever being said on the subject at the time of the delivery.   In such case the presumption is that the condition—payment on delivery—was waived, and the burden of proving the contrary rests on the vendor.   *Smith v. Lynes*, 5 N. Y. 41; *Smith v. Dennie*, 6 Pick. 262; *Charlton v. Sumner*, 4 Pick. 516; *Farlow v. Ellis*, 15 Gray, 229; *Scudder v. Bradbury*, 106 Mass. 422; *Bower v. Buck*, 13 Pa. St. 146; *Upton v. Cotton Mills*, 111 Mass. 446; *Freeman v. Nichols*, 116 Mass. 309; *Haskins v. Warren*, 115 Mass. 514; *Goodwin v. Railroad*, 111 Mass. 487; *Mixer v. Cook*, 31 Me. 340; *State v. Brewing Co.*, 32 Mo. App. 276.   (2)   The taking of the check was *prima facie* evidence of the fact that plaintiffs intended to waive the cash payment, and they could not accept the check instead of the cash, and still retain title to the property, without an agreement that the title was not to pass until the check should be paid.

*Meservey & Pierce*, for respondents.

(1)   "Where evidence, which is not strictly admissible, is yet confirmed by all the evidence in the case, and its exclusion could not have had a tendency to produce a different result, the judgment will not be reversed."   *Ridgeway v. Kennedy*, 52 Mo. 24.   (2) While it is true that where a sale is made upon the terms of cash on delivery, the delivery of the goods sold by the vendor to the vendee, without requiring payment at the time, is presumptive evidence that the condition has been waived;   yet this is not a conclusive

presumption of a waiver, but may be controlled and explained by the situation of the parties, the circumstances of business and engagement, the customs and usages of trade, or the manner of doing business between the vendor and the vendee. *Dowe v. Dennistoun*, 28 Barb. 402; *Farlow v. Ellis*, 15 Gray, 229; *Stone v. Perry*, 60 Me. 48; *Hammett v. Linneman*, 48 N. Y. 399; *Leaven v. Smith*, 1 Denio, 571; *Elevator Co. v. Bank*, 23 Ohio State, 311; *Bank v. Railroad*, 46 N. W. Rep. 342; *Whitney v. Eaton*, 15 Gray, 225; *Tyler v. Freeman*, 3 Cush. 261; *Railroad v. Phillips*, 60 Ill. 190.

SMITH, P. J.—This was an action of replevin to recover the possession of a certain quantity of oats and corn contained in certain cars under the control of defendant. There was a trial and judgment for the plaintiffs. Defendant has appealed. The facts which the evidence tends to prove are that the two cars of corn and one of oats in controversy were purchased by plaintiffs and shipped to them from points in Kansas. After the arrival of the two cars of corn which came to Kansas City by the Union Pacific Railway Company, they were by plaintiffs ordered to be turned over to the defendant company and plaintiffs obtained from defendant bills of lading made out to their own order which were delivered to them on the evening of November 8, or on the morning of November 10 (November 9 being Sunday), 1890. The car of oats came into Kansas City over the defendant's railroad, but the bill of lading which plaintiffs received when they made the purchase was surrendered to the defendant company, and a new bill of lading issued to their order, which was delivered to them about the same time that they received the bills for the two cars of corn.

On October 24, 1890, plaintiffs made a contract with one Theodore Nathan, to sell him the two cars of corn. Nothing was said about cash at the time the trade was made by plaintiffs, but they had been selling grain to Mr. Nathan for some time for cash on delivery, and by the custom of the business all grain is sold in that way when transferred. On November 8, a contract of sale for the car of oats was made between the parties in the same way. There is no evidence that Theodore Nathan was given control of the grain, or that he ever had any authority from plaintiffs to dispose of it or handle it in any way until the morning of November 10. On that day the book-keeper of plaintiffs made out the invoices and delivered them to Nathan with the bills of lading for three cars. Nothing was said about the cash payment at the time of the delivery which was in the morning, as it was customary for Mr. Nathan to deliver or send to plaintiffs a check before banking time in the afternoon. Mr. Nathan did give plaintiffs his check on the American National Bank for the amount due on these three cars and one other not in controversy according to the terms of the contract, and the check was deposited by plaintiffs in the Merchants' National Bank that afternoon. The next day, November 11, the check was presented at the American National Bank and proved to be worthless. It was presented at the bank again November 12, and payment again refused, and it was returned to plaintiffs. On that day Nathan made an assignment. On the thirteenth plaintiffs made formal demand for the grain from defendant, and the agent of defendant refused to deliver the grain, giving as a reason for his refusal the reply that the cars had been attached. There is no evidence that they ever were attached. On November 14 this action was brought. There is no evidence that the bills of lading surrendered to Nathan by plaintiffs ever were negotiated, or that

they ever passed out of his hands, or that any person parted with value or changed his position by reason of the fact that they were in his possession.

Where no time is stipulated by the contract for payment of the purchase price, its payment is a condition precedent implied by law, and the property does not vest in the vendee until he performs the condition unless the seller waives it. *Railroad v. Phillips*, 60 Ill. 190; *State v. Brewing Co.*, 32 Mo. App. 276. The real question here presented is whether there was an unconditional constructive delivery of the grain to Nathan, or, in other words, did the plaintiffs waive the condition of cash payment on the delivery or accept Nathan's check as absolute payment. They had the undoubted right to waive this condition, also to waive payment in cash and accept the check as unconditional payment; but we do not find anything in the facts to authorize the conclusion that they do so. A check is not payment, but is only so when the cash is received on it. There is no presumption that a creditor takes a check in payment arising from the mere fact that he accepts it from his debtor. The contrary is the case. Nor that it is a waiver of cash payment. *National Bank of Commerce v. Railroad*, 46 N. W. Rep. 342; *Hodgson v. Barrett*, 33 Ohio St. 63; *Matthews v. Cowan*, 59 Ill. 311; *Shelby v. McCullough*, 26 Mo. App. 66; *Holmes v. Briggs*, 131 Pa. St. 233.

When payment is made by check drawn by a debtor on his banker, this is merely a mode of making cash payment and not giving or accepting a security; such payment is only conditional or a means of obtaining the money. So the rule is that the holder of the check in one sense becomes the agent of the drawer to collect the money on it; and, if it is dishonored, there is no accord and satisfaction of the debt. 2 Parsons on Contracts, sec. 623; Benjamin on Sales, sec. 731. And

it has been ruled that where goods are sold for cash on delivery, and payment is made by the purchaser by check on his banker, such payment is only conditional, and the delivery of the goods also only conditional; and, if the check on due presentation is dishonored, the vendor may retake the goods. *Hodgson v. Barrett*, 33 Ohio St. 63; *Matthews v. Cowan*, 59 Ill. 341; *Bank v. Railroad*, 46 N. W. Rep. 342. Even if the constructive delivery of the grain must, under the circumstances, be regarded as contemporaneous with the receipt of the check, there is an entire absence of evidence to rebut the presumption that it was only conditional upon the check being paid on presentation. Although the bill of lading was delivered to Nathan a few hours before plaintiff received the check still in the light of the usual and customary way, these parties had been conducting their grain transactions; the delivery of the one and the receipt of the other as between them must be regarded as contemporaneous.

According to the principles just stated, the delivery of the grain was conditional upon payment of the check. If the check was not paid if presented in a reasonable time, then the delivery did not become absolute and the title to the grain never vested in Nathan. The plaintiff could retake it. It does not appear that Nathan negotiated the bills of lading. This is not a case where defendant claims any right of possession to the grain on the ground that it is a *bona fide* purchaser or indorser of the bill of lading for value. Nor is it claimed that defendant is in possession of or sustains the relation as carrier to anyone making such claim. Nothing occurred in the transaction between plaintiffs and Nathan, or between Nathan and any other person, by which the plaintiffs' right to reclaim and retake the grain was cut off. No such question arises in the case. The evidence tending to show that

Hall & Robinson v. The Mo. Pac. Ry. Co.

the defendant had issued to Nathan bills of lading for the grain, while the bills it had issued previously to plaintiffs for the same grain were outstanding and in their hands, can cut no figure in this controversy. It did not tend to establish any material and issuable fact. The case must be considered as if no such evidence had been adduced.

The court did not err in refusing to instruct the jury for defendant, that if they believed from the evidence in the case that plaintiffs sold to Nathan the grain in question, and indorsed and delivered him the bills of lading therefor with the intention of thereby putting him in possession of said grain, and took from him a check for the price thereof, then the plaintiffs are not entitled to recover, unless there was an agreement between plaintiffs and Nathan, at the time said check was taken, that the title should not pass to said Nathan until said check should be paid. According to the authorities already referred to there is no presumption that the plaintiffs took the check in payment arising from the mere fact that they accepted it, nor that they intended to waive the cash payment and thus change the contract and the cash character of the transaction. If the payment had been made in cash, the delivery would have been absolute, but, since the payment by check was a conditional payment, the delivery was likewise rendered conditional. These conditions became mutual and dependent. The performance of the one rendered the other absolute. No court would be authorized to tell a jury as a matter of law in a case where a sale is for cash, that the taking of a check, merely, would operate as a waiver of this fundamental condition of the sale, i. e., the payment of the cash.

We have considered the several points which have been urged before us by counsel for the defendant, both in his oral argument and brief, and have been unable to reach a like conclusion with him in respect thereto.

It follows the judgment must be affirmed. All concur.