JOHN E. LOGAN, Respondent, v. JAMES CARROLL, Appellant.

St. Louis Court of Appeals, December 21, 1897.

Sale: RESALE: NOTICE: REASONABLE TIME: JURY QUESTION. The vendor of personal property may, on a resale, recover the difference between the contract price and the amount obtained, where the resale is made at the time of the breach of the original contract or within a reasonable time thereafter, and the vendee has notice thereof; and what is reasonable time, under such circumstances, is a question for the jury.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

AFFIRMED.

*J. P. Vastine* for appellant.

The court erred in refusing to give instruction of nonsuit. R. S. 1889, sec. 5187. See, also, *Lyle v. Shinnebarger*, 17 Mo. App. 66; *Whaley v. Hinchman*, 22 *Id.* 483; *Vanstone v. Hopkins*, 49 *Id.* 386; *Pratt v. Miller*, 109 Mo. 78; *Burrell v. Highleyman*, 33 Mo. App. 187; *Johnson B. Co. v. Bank*, 116 Mo. 558; *Barton Bros. v. Hunter*, 59 Mo. App. 610; *Bernhard v. Wall*, 29 *Id.* 206.

The court also erred in submitting to the jury the determination of reasonable time in which to sell the horses. *Viertel v. Smith*, 55 Mo. App. 617.

No brief filed for respondent.

BIGGS, J.—The plaintiff claims that on the tenth day of October, 1895, he sold to the defendant fourteen horses for $550; that the defendant drew his check on the Boatmen's Bank in the city of St. Louis for the amount of the purchase and delivered it to plaintiff; that the plaintiff accepted the check in payment for the horses; that the defendant left the horses in plaintiff's possession, with the understanding that he would take them away the next day; that on the following day the defendant countermanded the payment of the check, and refused to take the horses; that after notice to the defendant the plaintiff sold the horses at public auction and realized for them $364, and that the feed bill for the horses amounted to $67. The plaintiff sued for $263, that amount being the difference between the net amount of the resale and the original purchase price. The defenses were that the plaintiff misrepresented the horses, and that the alleged sale was avoided by the statute of frauds. There was a judgment for the plaintiff for the amount sued for with interest. The defendant has appealed.

The evidence of plaintiff tended to prove his cause of action as above stated. The evidence introduced by defendant tended to prove that the plaintiff represented that the most of the horses had been broken to work, and that they were all "bridle-wise," whereas none of them had been broken in any way, and for this reason he refused to take and pay for the horses. There was evidence in rebuttal of this. The court instructed in

SALE: resale; notice: reasonable time: jury question.

substance, that if the check was given and accepted as payment for the horses, and that the plaintiff within a reasonable time after the sale and after notice to defendant resold the horses at public auction at the place of the original sale, then the plaintiff was entitled to recover the difference between the amount of the original sale and the net proceeds of the resale. We can find no fault with this direction. If the check was accepted as payment, the statute of frauds was satisfied. It is the accepted law in this state that the vendor of personal property may recover the difference between the contract price and the amount obtained on a resale, provided the resale is made at the time of the breach of the original contract or within a reasonable time thereafter, and the vendee has notice of the resale. *Rickey v. Tenbroeck*, 63 Mo. 563; *Anderson v. Frank*, 45 Mo. App. 482; *VanHorn v. Riecker*, 33 Mo. 391; *Dobbins v. Edmonds*, 18 Mo. App. 307; *Ingram v. Mattheim*, 3 Mo. 209. In the present case the horses were resold on the thirty-first of October. Whether the second sale was within a reasonable time after the first, was, under the circumstances, a question for the jury.

With the concurrence of the other judges, the judgment will be affirmed. All concur.