## A. M. GROOMER, Defendant in Error, v. E. S. McMILLAN, Plaintiff in Error.

**Kansas City Court of Appeals, May 2, 1910.**

1. **SALES: Statute of Frauds: Payment: Check.**   If a seller of personal property expressly agrees with the buyer to take his check on a bank in absolute payment and discharge of that much of the purchase price, it will be a valid sale under the Statute of Frauds.

2. **EVIDENCE: Acceptance of Check.**  The mere acceptance of the buyer's check by the seller and not presenting it for payment and no loss of the money called for therein resulting to the buyer, does not establish an express agreement to receive it in discharge of the debt, and the contract of sale is within the Statute of Frauds.

3. **EARNEST MONEY.**  The statutory meaning of the words "something in earnest to bind the bargain," is part payment.

4. **GOODS, WARES AND MERCHANDISE.**  Live cattle are embraced in the statutory words goods, wares and merchandise.

Error  to  DeKalb  Circuit  Court.—*Hon. Alonzo D. Burnes,* Judge.

REVERSED.

*Hewitt & Hewitt* for plaintiff in error.

(1) The petition on its face discloses that the agreement was within the Statute of Frauds (sec. 3419, R. S. 1899), and the objection to the introduction of any evidence should have been sustained.  (2) Defendant may rely on the Statute of Frauds when the agreement is denied by his answer, and it is not necessary to insist upon the statute as a bar.  Wildbahn v. Roubidoux, 11 Mo. 419; Milling Co. v. Burgher, 122 Mo. App. 14; Hook v. Turner, 22 Mo. 333; Springer v. Kleinserge, 83 Mo. 155; Phillip v. Hardenburgh, 181 Mo. 473.  (3)

A contract is not void, but voidable when no note or memoranda is made, or earnest given, but must be construed as meaning that no evidence shall be received in support of such contract. Cash v. Clark, 61 Mo. App. 636; R. S. 1899, sec. 3419. (4) Earnest means payment of part of the price of goods sold, for the purpose of binding the contract as used in the Statute of Frauds. Vol. 3, Words and Phrases. It must be an actual payment. Chitty on Contracts, 373. (5) A payment is not shown by the mere receipt of a check, but it constitutes a payment if it is accepted as such, and in due course actually paid. Hunter v. Whetsell, 84 N. Y. 549; 6 Words and Phrases, Payment, 5252; Johnson & Co. v. Bank, 116 Mo. 570; Selby v. McCullough, 26 Mo. App. 72. (6) Unless there is an express agreement that a check shall be payment there is no payment until such check has been paid. Barton v. Hunter, 59 Mo. App. 610; Hall & Robinson v. Railway, 50 Mo. App. 183; Bank Com. v. Railroad, 46 N. W. Rep. 342; Hodgson v. Barrell, 33 Oh. St. 63; Mathews v. Cowan, 59 Ill. 311; Holmes v. Briggs, 131 Pa. St. 233. (7) The taking of a note does not even raise the presumption of payment, and the taking of a new note with personal security does not of itself operate as the payment of the mortgage. Doebbling v. Loon, 45 Mo. 150; McDonald v. Hulse, 16 Mo. 503; Lumber Co. v. Christophel, 59 Mo. App. 85. (8) The check was nothing more than an order to another to pay the bearer $100. It did not constitute an assignment of one hundred dollars of plaintiff's money, even though he had it in the bank. Pennell v. Ennis, 126 Mo. App. 362; Dickinson v. Coates, 79 Mo. 250; Bank v. Bank, 58 Mo., p. 17. Plaintiff was simply defendant's debtor for one hundred dollars. Long Bros. v. Eckhart, 73 Mo. App. 445.

*William M. Fitch* for defendant in error.

If the parties intend at the time that the check shall be used as payment, then its delivery and acceptance is payment on the debt. Rice v. Dudley, 34 Mo. App. 383.

ELLISON, J.—Plaintiff brought this action to charge defendant with damages on account of a breach of a contract of sale of cattle. He recovered judgment in the trial court.

The contract was verbal and the cattle largely exceeded the value of thirty dollars. For that reason defendant interposed the Statute of Frauds (sec. 3419, R. S. 1899) which provides that no verbal contract for the sale of goods, wares and merchandise, for a price of thirty dollars or more, shall be allowed to be good unless the buyer shall accept part of the goods so sold and actually receive the same, or give something in earnest to bind the bargain, or in part payment.

The plaintiff claims that he made a payment at the time of making the contract, by giving to defendant his check on a bank for one hundred dollars. His testimony on this head was as follows:

"I came back to where he (defendant) was plowing corn, and told him I would take the cattle, and would state the contract over so there would be no mistake; I was to have the cattle at my request the last half of September, any time I called for them after the 15th. They were to be driven to Mr. John Graham's and weighed, at four dollars per hundred, the shrink to be three per cent; he (defendant) said, 'Yes.' I wanted to know if a check for a hundred dollars would be money enough, and he said it would. I wrote him out a check for a hundred dollars and put on the check, 'For twenty steers.' I asked him if that check was all right, and he said it was. Then I turned back and come home."

Defendant kept the check for several weeks and finding he and plaintiff were at a misunderstanding as to the obligations of the contract, he tore it up in plaintiff's presence and threw the pieces on the ground.

In our opinion this evidence did not show a payment. The law is that the payment, to be effective in avoidance of the Statute of Frauds, must be an absolute payment. But it need not be in money. The buyer's check for the money will suffice *if it is received by the seller and agreed that it is an absolute payment;* and this must be clearly established. For "Nothing is better settled than that a check is not payment, but is only so when the cash is received on it. There is no presumption that a creditor takes a check in payment arising from the mere fact that he accepts it from his debtor. The presumption is just the contrary. Where payment is made by check drawn by a debtor on his banker, this is merely a mode of making a cash payment, and not giving or accepting a security. Such payment is only conditional, or a means of obtaining the money. In one sense the holder of the check becomes the agent of the drawer to collect the money on it; and if it is dishonored there is no accord and satisfaction of the debt." [National Bank v. Ry. Co., 44 Minn. 224; Mathews v. Cowan, 59 Ill. 341, 347; Hodgson v. Barrett, 33 Ohio St. 63; Holmes v. Briggs, 131 Pa. St. 233; Hunter v. Wetsell, 84 N. Y. 550.] Accepting a check is not an agreement that it is itself a payment of the money named therein. In Johnson-Brinkman Co. v. Bank, 116 Mo. 558, 570, it is stated that: "A check on a bank is not payment unless by express contract it is so received, and is only payment when the money is received on it; and that there is no presumption that a creditor takes a check in absolute payment, arising from the mere fact that he accepts it from his debtor, is well settled law, there is no question." To the same effect is Barton v. Hunter, 59 Mo. App. 610; Hall & Robinson v.

Ry. Co., 50 Mo. App. 179, 183; Benjamin on Sales, secs. 729-731.

A note given for the amount of an account will not extinguish the latter unless there is an express agreement that it shall so operate. [Appleton v. Kennon, 19 Mo. 637; Leabo v. Goode, 67 Mo. 126.]

From the foregoing it is plain that the burden was upon the plaintiff to clearly show that it was expressly agreed by defendant that the check was taken as an absolute payment and discharge of the price of the cattle *pro tanto*. It is equally clear that the acceptance of the check and holding it (there being no loss to plaintiff by reason of such holding) does not establish an agreement that it was considered a payment in fact. The evidence here shows merely the giving and acceptance of the buyer's own check, and there is nothing whatever to indicate that the seller agreed that its reception should discharge and cancel that amount of the price.

In Everett v. Collins, 2 Camp. 515, Lord Ellenborough said that "If the ordinary creditor prefers a bill of exchange accepted by a stranger to ready money from his debtor, he must abide the hazard of the security he takes." But "that there was no pretense for saying that a debtor is discharged by giving a check which produces nothing."

The statute requires that there shall be a payment on the price. And it must be remembered that this is a requirement of the law as a matter of public policy, and it can neither be waived nor evaded by the parties. If the creditor accepts something other than money, it must be agreed and understood that it is in absolute payment and discharge of the price. Otherwise the statute is of no force or effect.

A seller of personal property desiring to make a valid contract under the provision of the statute of frauds, with a buyer who has no money with him, might expressly agree with the latter to take his check in

absolute discharge of that much of the purchase price. But if he did so, he would have to take the risk of getting the money, provided, of course, the buyer had funds and a right to draw the check at the time he delivered it. For, if he had no right to draw it, that would be a fraud on the seller and his agreement to accept it as a discharge of the debt would be avoided.

There are some authorities which, in effect, hold that the debtor's own check cannot be made a payment unless it is itself paid. They are referred to and disapproved in 28 Grattan 165. But we can understand that there might be instances in which the seller, in order to have the benefit of a valid contract, might agree to accept the check in absolute settlement of that amount of the debt, taking all risk and unconditioned, save that the buyer at the time had a right to draw it. The law is, we think, well expressed in Tiedeman on Sales, sec. 145, in the following language: "Where a check is transferred in settlement of a debt, the implication of law is that it is not to constitute an *absolute* discharge of the debt, until the check is presented by the creditor and paid or certified on such presentment, or it is shown that the creditor failed to make a presentment of the check within a reasonable time, and that the bank or drawee subsequently fails to the damage of the drawer. But, as in the case of payment by notes, the parties may agree that the check shall be taken as an absolute payment of the debt, and it will then have that effect." See also Logan v. Carroll, 72 Mo. App. 613.

Plaintiff insists that the check, if not a part payment, was at least "something in earnest to bind the bargain." We think not. Whatever may have been the meaning of the word "earnest," its statutory meaning is part payment. [Howe v. Hayward, 108 Mass. 54; Hudnut v. Weir, 100 Ind. 501.] "It must be a real payment." [1 Reed Statute of Frauds, sec. 229.] Earnest seems understood to be a part of the price. So

Blackstone (Book 2, 447) says the sale is not good unless the vendee "gives part of the price to the vendor by way of earnest to bind the bargain."

Plaintiff also suggests that "live cattle" are not embraced within the statutory words "goods, wares and merchandise." We think they are.

From the foregoing observations it would seem to be apparent that the evidence wholly failed to show such an acceptance of the check as the law requires, and the judgment is therefore reversed. All concur.