### HESSBERG v. WELSH.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

FRAUDS, STATUTE OF (§ 95*)—SALE OF GOODS—PART PAYMENT.

In the absence of a showing that a check given to the seller by the purchaser was given under an agreement that it should constitute part payment of the price, rather than the means of payment, the check payment being stopped was not such a part payment as to take the sale out of the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 183–185; Dec. Dig. § 95.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Felix Hessberg against Corinne Welsh. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Elfers & Abberley, of New York City, for appellant.

Raphael C. Korn, of New York City (Harry C. Gomprecht, of New York City, of counsel), for respondent.

SEABURY, J. This is an action to recover the purchase price of goods sold by the plaintiff to the defendant but not delivered. The

only question raised upon this appeal is whether the transaction is within the statute of frauds. The defendant gave the plaintiff a check for $50 on account of the purchase price of the goods, and then stopped payment on the check. There is no evidence that the check was given under any special agreement that the check should constitute payment rather than the means of payment. Under these circumstances, the check did not constitute such a part payment of the amount claimed to be due as to take the case out of the statute of frauds. Hunter v. Wetsell, 84 N. Y. 549, 38 Am. Rep. 544, is distinguishable from the present case in that the facts of that case show that the check which was given was actually paid.

The respondent, in his brief, contends that the check upon which payment was stopped was a sufficient note or memorandum in writing to take the case out of the statute. This claim is without merit, as the check obviously lacked the essential elements necessary to comply with the statute, and did not contain a note or memorandum of the contract for the purchase of the goods.

It follows that the judgment should be reversed, with costs, and the complaint dismissed, with costs. All concur.