GAY, Respondent, v. SUNDQUIST, Appellant.

(175 N. W. 190.)

(File No. 4605.   Opinion filed December 4, 1919.)

1. **Sales—Livestock Purchase, Delivered, Unpaid Check, Whether Part Payment Re Statute of Frauds—Check as Conditioned Payment, Presumption Re.**

    Where under an oral agreement S sold to C some lambs

for future delivery, C at the time delivering to S his check which was accepted by S, both parties intending its proceeds should be applied in part payment of purchase price, there being no evidence that it was agreed there was to be an absolute part payment; it not having been presented for payment, S having a few days later advised C he had destroyed it; held, construing Sec. 857, Rev. Code 1919, providing that such oral agreement is invalid unless buyer at time of sale pays part of the price—a check may constitute sufficient payment to satisfy the statute. Held, further, that to take an oral contract out of statute of frauds payment must be absolute, but the mere giving of a check is not, in absence of express or implied agreement to that effect, a payment or discharge of the debt; that the mere fact that creditor accepts check from debtor, raises no presumption that he accepts it in absolute payment, presumption being to contrary, the debt not being paid until check is either paid or accepted at drawee bank; and, until proven to contrary, payment by check is presumed to be conditional.

2.  Banking—Unpaid Check, Drawer's Right to Stop Payment—Non-assignment of Funds by Check—Bank's Liability, Attaches When—Statute—Parties' Rights Presumption of Actual Knowledge of.

Drawer of a bank check may stop payment at any time before acceptance or payment by bank, by notifying the latter; since the check does not assign any part of funds in bank to credit of drawer, and bank is not liable to payee unless and until, it accepts or certifies the check (Sec. 1891, Rev. Code 1919); and bank may, even without right, refuse to honor check, thus leaving drawer liable on original debt for which check is given; which facts are presumably known to both parties to check, as well as that it is within power of one to make, and of the other to require, absolute payment.

Appeal from Circuit Court, Butte County. Hon. JAMES McNENNY, Judge.

Action by Thomas C. Gay against Ed Sundquist, to recover purchase price under an agreement for sale of livestock by defendant to plaintiff. From a judgment for plaintiff upon directed verdict, and from an order denying a new trial, defendant appeals. Reversed.

*W. G. Rice* and *Dan McCutcheon,* for Appellant.

*L. M. Simons,* for Respondent.

(1) To point one of the opinion, Appellant cited: Secs. 1149, 1238, Civ. Code; Sjoli v. Hogenson, 19 N. D. 82; Groomer

v. McMillan, 128 S. W. 285, 143 Mo. App. 612; Charleston & W. C. Ry. Co. v. Pope & Fleming, 50 S. E. 374, 122 Ga. 577, 21 R. C. L. 59, 63; Borland v. Nevada Bank, 99 Cal. 89; Bates v. Dwinnell (Nebr.) 164 N. W. 722; Manitoba Mort. Inv. Co. v. Weiss et al., 18 S. D. 459; Mankey v. Hoyt, 27 S. D. 561.

Re presumption cited: Groomer v. McMillan, 143 Mo. App. 612, 128 S. W. 285.

Respondent cited: Sub. 2 and 3 of Sec. 857, Rev Code 1919; Sec. 756; Kuhns v. Gates, 92 Ind. 66; McLure v. Sherman, 70 Federal 190; Moreau River State Bank v. Pinga, 158 N. W. 786.

(2) To point two, Appellant cited: Turner v. Hot Springs National Bank, 18 S. D. 498; Sec. 187, Chap. 279, Laws 1913.

WHITING J.  Appellant assigns error in the trial court's refusal to direct a verdict in his favor. The motion for directed verdict would assume the following facts to be supported by evidence: C., plaintiff, and S., defendant, entered into an oral agreement whereby S. sold to C. a bunch of lambs to be delivered in the future. Under the agreement, the purchase price would be far in excess of $50. At the time of such agreement, C. delivered to, and there was accepted by S., C.'s check, both parties intending that the proceeds of such check should be applied in part payment of the purchase price of the lambs. There was, however, no evidence to show that such check was delivered and received under an agreement that it was to be an absolute payment of a part of such purchase price. The check was never presented for payment, but, within a few days after the oral agreement, S. advised C. that he (S.) had destroyed the check. The sole question presented by the motion for directed verdict and before us for determination is whether the giving of such check to, and receipt of same by, S. took this oral agreement out of our statute of frauds. Such statute (section 857, Rev. Code 1919) provides that such an oral agreement is invalid unless "The buyer, at the time of sale, pays a part of the price."

[1] Few authorities are to be found that are directly in point. It seems, however, to be settled by an almost unbroken line of decisions that a check may constitute a sufficient payment to satisfy the statute. 25 R. C. L. 619; 20 Cyc. 252; Hessberg.

v. Welsh (Sup.), 147 N. Y. Supp. 44; Logan v. Carroll, 72 Mo. App. 613; Groomer v. McMillan, 143 Mo. App. 612, 128 S. W. 285; McLure v. Sherman (C. C.), 70 Fed. 190.

[2] But while the law is as above stated, the courts almost universally hold that the mere giving of a check is not, in the absence of an express or implied agreement to that effect, a payment or discharge of the debt; that from the mere fact that a creditor accepts a check from his debtor, there arises no pre-Sumption that he accepts the same in absolute payment; that the presumption is to the contrary; that the debt is not paid until the check is either paid or accepted at the bank on which it is drawn. In short, until proof to the contrary, a payment by check is presumed to be conditional. 21 R. C. L. 60; Nat. Bk. v. Railway Co., 44 Minn. 224, 46 N. W. 342, 9 L. R. A. 263, 20 Am. St. Rep. 566; Nat. Bk. v. McConnell, 103 Minn. 340, 114 N. W. 1129, 14 L. R. A. (N. S.) 616, 123 Am. St. Rep. 336, 14 Ann. Cas. 396; Groomer v. McMillan, supra; Hessberg v. Welsh, supra. That a payment by check should not be held to be an absolute payment in the absence of proof of an agreement that it is given and received as such is perfectly clear. The drawer can stop payment, at any time before acceptance or payment by bank, by serving notice on the bank. This follows from the fact that a check does not assign any part of the funds that may be in the bank to the credit of the drawer; and the bank does not become liable to the payee, unless and until the bank accepts or certifies the check. Section 1891, Rev. Code 1919. Furthermore, the bank may, even without right, refuse to honor the check, thus leaving the drawer liable on the original debt. The above facts must be presumed to be known to both parties to the check; and they are also presumed to know that it is within the power of one to make, and the other to require, an absolute payment. The authorities, almost without exception, hold that, to take an oral contract out of the statute of frauds, the payment must be absolute. The case of McLure v. Sherman, supra, is sometimes referred to as supporting the proposition that the giving and receiving of a check in partial payment takes a contract out of the statute of frauds. An examination of the opinion in

said case discloses that the court went no further than to hold that a check must be considered to possess a money value and might be a part payment on a contract. Logan v. Carroll is cited by respondent. In that case no question of absolute or conditional payment was raised—it was merely held that "if a check was accepted as payment, the statute of frauds was satisfied." But the highest court of the same state, in Groomer v. McMillan, supra, in no uncertain language, has declared that, to take the contract out of the statute, the payment must be absolute. In the Groomer Case the payment was by check. After announcing the legal propositions we have referred to above, the court said:

"The statute requires that there shall be a payment on the price. And it must be remembered that this is a requirement of the law as a matter of public policy, and it can neither be waived nor evaded by the parties. If the creditor accepts something other than money, it must be agreed and understood that it is in absolute payment and discharge of the price. Otherwise the statute is of no force or effect. A seller of personal property desiring to make a valid contract under the provision of the statute of frauds, with a buyer who has no money with him, might expressly agree with the latter to take his check in absolute discharge of that much of the purchase price. But, if he did so, he would have to take the risk of getting the money, provided, of course, the buyer had funds and a right to draw the check at the time he delivered it. For if he had no right to draw it, that would be a fraud on the seller, and his agreement to accept it as a discharge of the debt would be avoided."

We commend the reasoning in this last case, the facts of which are on all fours with those of this case, but we refrain from quoting further. We cite in support of the proposition that the payment must be absolute in order to take the oral contract out of the statute Hessberg v. Welsh (Sup.) 147 N. Y. Supp. 44; Leonard v. Roth, 164 Mich. 646, 130 N. W. 208; Johnson v. Morrison, 163 Mich. 322, 128 N. W. 243.

The judgment and order appealed from are reversed.