# MARCH, 1929.

Rock Island Plow Company, Appellant, v. E. H. Percy, Respondent.—20 S. W. (2d) 956.

Springfield Court of Appeals. September 23, 1929. Rehearing denied October 30, 1929.*

---

*Note:—This opinion was quashed by the Supreme Court of Missouri on writ of certiorari. See 30 S. W. (2d) 46.

*Shelley I. Stiles* and *Sam J. Corbett* for appellant.

*Sharp & Baynes* for respondent.

COX, P. J.—Action for debt for goods sold and delivered. Defense of payment; judgment for defendant and plaintiff appealed.

The facts are admitted and the only question here is whether upon these facts the debt was paid. The account was admitted by defendant to be correct and his plea of payment rested upon the

following facts as learned from the abstract of record and statements in briefs of counsel not shown in the record. The defendant sent plaintiff a check by mail on May 28, 1927, for $213.28, the amount of the bill after allowing certain discounts for prompt payment. Plaintiff received this check at its place of business in Rock Island in the State of Illinois on May 31, 1927. The plaintiff on the same day deposited it in the State Bank of Rock Island, Rock Island, Illinois, in which bank it carried an account as a depositor and received credit therefor. The check was drawn on the Bank of Canalou, Canalou, Missouri. The Bank of Rock Island promptly mailed this check direct to the Bank of Canalou on which it was drawn for payment and remittance. Counsel agree in their printed statement that the Bank of Canalou received the check through the mail on June 4, 1927, and on the same day marked the check paid and charged it to the account of defendant, the drawer of the check, though this fact does not appear in the abstract of record. The Bank of Canalou did not remit to the bank at Rock Island, Illinois. The Bank of Canalou closed its doors on June 7, 1927, without having made any remittance upon this check. After this bank failed, the Bank of Rock Island notified plaintiff that the check had not been paid and required plaintiff to repay to it the amount of the check. Plaintiff then sued defendant for the debt which the check was given to pay.

It is certain that the mere delivery of the check to plaintiff by defendant did not pay the debt. The defendant continued to owe the plaintiff until the check should be collected by plaintiff and if plaintiff used due diligence to collect the check and failed, the debt was not paid. [Johnson & Brinkman Co. v. Central Bank, 116 Mo. 558, 570, 22 S. W. 813; Coffman v. Fleming, 301 Mo. 313, 319, 256 S. W. 731; Lewis v. McMahon & Co., 307 Mo. 552, 566, 271 S. W. 779; Maxwell v. Dunham (Mo. App.), 297 S. W. 94, 97.]

In some of these cases it is said that a check is not payment until the holder received the money on it while others used the language "until the check is paid." In discussing that question it is said in Coffman v. Fleming, supra, on page 319 that "In one sense, the holder of the check becomes the agent of the drawer to collect the money on it." We agree with that statement. In this case, the plaintiff was the agent of defendant to collect the money on the check which defendant delivered to it. On accepting the check the plaintiff owed defendant the duty to present it to the bank for payment within a reasonable time and that was the only duty the plaintiff assumed in relation to the check. Counsel on both sides concede in their printed statement of the case that the check was forwarded for collection through the usual channel. By doing that, plaintiff discharged its full duty relative to the check and did nothing that

could release defendant from his liability to pay the debt for which the check was given. As between the drawer and the holder of the check the check is merely an order on the bank to pay to the holder the amount of the check when presented for payment. The bank on which it is drawn owes this duty to the drawer of the check for that is what it contracted with the drawer to do when he deposited the money in the bank. Suppose that instead of the check being mailed to the bank on which it was drawn the plaintiff had endorsed it and sent it back to defendant and asked him to present it in person and defendant had presented the check in person to the bank for payment and the bank officials had marked the check paid and charged the amount of it against the defendant's deposit, but then neglected or refused to pay the money to defendant and had closed its doors without paying the money to defendant it certainly could not then be said that this check was paid to plaintiff. We cannot conceive how, in the absence of delay, it can make any difference in what manner or by what person the check is presented for payment. The check was presented and not paid to anybody. The mere fact of marking the check paid and charging it against the account of defendant without paying out a cent or crediting the account of the party presenting the check in any way cannot be payment in fact. If, when the bank failed, the finance commissioner had attempted to balance the bank's books he would have found the bank long in cash to the amount of this check because the books would show that the bank had paid this check with cash when it had not been paid in any way at all. This conduct on the part of the bank was a breach of duty on its part. Who must suffer by reason of that breach of duty and who had the right to call the bank to account for its breach of duty? Evidently the party to whom the bank owed the duty to pay the check. The only party with whom the bank had any contractual relation was the depositor, in this case the defendant. The holder of the check had no contractual relation with the bank. He could not enforce payment against the bank by a suit or otherwise until the bank had accepted the check and agreed to pay it. [Dickinson v. Coates, 79 Mo. 250.] And it may be that if the plaintiff had been notified by the Bank of Canalou that the check had been accepted and agreed to pay it and plaintiff had seen fit to do so, the bank could have been held liable to plaintiff upon the check after it marked it paid and charged it to defendant, and when the bank failed, plaintiff possibly could have had the claim allowed as preference but we do not understand that plaintiff was compelled to pursue that course. We do not understand that defendant's debt to plaintiff could be paid by this check until plaintiff received the cash upon it or until it should elect to proceed against the bank and by so doing release defendant. The debt of defend-

ant to plaintiff would remain until plaintiff was paid or had by its conduct obligated itself to look to the bank and release defendant. This it did not do. The evidence does not show that plaintiff or its bank had knowledge that the bank had accepted the check and charged it to defendant's account, and of course plaintiff could not elect to proceed against the bank until it knew that fact and, as we view the law, could not have been compelled to release defendant and look only to the bank had it had such knowledge.

There are cases in other jurisdictions which hold that the holder of the check who sends it by mail to the bank on which it is drawn for payment instead of sending it by messenger makes the bank his agent to collect from itself the amount of the check, and if the bank marks the check paid and charges the amount of it to the account of the drawer, both the check and the debt which the check was given to pay are paid even though the bank remits to no one and enters no credit in its books to the holder of the check. Our Supreme Court in the case of Coffman v. Fleming, supra, quotes with approval from the case of National Bank v. Ry. Co., 44 Minn. 224, as follows: "Where payment is made by check drawn by debtor on his bank, this is merely a mode of making a cash payment and not giving or accepting a credit. Such payment is only conditional or a means of obtaining the money. In one sense the holder of the check becomes the agent of the drawer to collect the money on it and if it is dishonored, there is no accord and satisfaction." This is followed by language of its own as follows: "Accepting a check is not an agreement that it is itself a payment of the money named therein." It then quotes from Johnson & Brinkman Co. v. Bank, 116 Mo. 558, 570, 22 S. W. 813, as follows: "A check on a bank is not payment unless by express contract it is so received and is only payment *when the money is received on it.*" (Italics are ours.) If the giving of a check instead of the money is only a means of obtaining the money as held in that case and the holder of the check presents it for payment within a reasonable time and thereby discharges his whole duty relative to the check and it is not paid, the entries made in the bank's books of which he has no knowledge and to which he does not consent cannot, under any principle of law or right known to us, affect him.

At the request of defendant the court gave to the jury the following instructions: "You are instructed that if you find and believe from the evidence that the check introduced in evidence was charged to the account of defendant before the bank was closed, then your verdict shall be for the defendant." This instruction was error. When a check to a third party is presented for payment, the bank cannot pay it by merely making an entry in its books showing payment. It must pay to somebody before it is authorized to make

any entry in its books showing payment. Books are kept for the purpose of recording what has been done and if nothing has been done, an entry in the book showing that something has been done is a false entry and not authorized. Since the Bank of Canalou did nothing to pay this check it had no authority to mark the check paid or to charge the amount of it to defendant on its books. We must, therefore, reach the same conclusion in this case as we should be compelled to reach if the bank had merely laid the check aside without marking it paid and had made no entry in its books at all. Laying this unauthorized entry aside, the case rests upon the mere fact of the delivery of the check to plaintiff and its presentment to the bank for payment and the failure of the bank to pay it. On those facts, the instruction above was error and the defense of payment was not sustained by the evidence.

The judgment will be reversed and the cause remanded. *Bailey* and *Smith, JJ.*, concur.