**L. F. PETERSON, Respondent,**

v.

**RANDY COLLINS GASOLINE COMPANY, a corporation, Appellant.**

No. 23070.

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1960.

Ward A. Dorsey, North Kansas City, John R. Moore, Platte City, for appellant.

Gene A. DeLeve, and Casemore, Berman & DeLeve, Kansas City, and R. P. C. Wilson, III, Platte City, for respondent.

SPERRY, Commissioner.

Plaintiff, doing business as Frederick Manufacturing Company, sued defendant corporation on an alleged verbal sales agreement whereby he was to manufacture and deliver to defendant a quantity of metal streamers designed to be used decoratively around filling stations. Verdict and judgment for plaintiff in the amount of $2,008, the full amount sought, and defendant appeals.

Plaintiff's testimony was to the effect that, in August of 1955, he operated a specialty job-work manufacturing business in Kansas City, Missouri; that Randy Collins was president of defendant corporation; that Mr. Collins telephoned and invited plaintiff to visit his filling station and view an item that he had there; that he went to defendant's place of business and was shown some streamers strung around the station; that they consisted of round metal disks, six in a clip, with fifty clips attached to a rubberoid strip 100 feet long; that he asked plaintiff if he could make such an item and was told that he could, that he had several barrels of aluminum circles or disks on hands, a by-product of another job; that, within two days, Mr. Collins came to plaintiff's plant and was shown eight barrels of aluminum disks (about 200,000); that he told Mr. Collins that it would cost $5 per streamer to manufacture them and Mr. Collins agreed to buy all that could be made from the stock in the barrels at $6 per streamer, stating that he could sell them as fast as they were produced; that plaintiff immediately proceeded to procure the necessary wire, clips and other materials with which to produce the streamers, and to produce the dies for the stamping of the metal; that, three days later, Mr. Collins telephoned and said he could also use 100 sets made of steel lithograph material with larger disks than the aluminum; that he purchased the stock, and had dies constructed for production of this latter order; that he assembled the necessary materials and tools and hired three extra employees in order to promptly produce the merchandise; that, on August 19th, plaintiff himself delivered 14 sets of aluminum streamers, invoiced at $84, to Mr. Collins, who signed for them in person; that a total of 225 aluminum sets and 51 steel sets were delivered at defendant's place of business, all at the invoice price of $6 each; that 4 separate deliveries were made, all in the month of August, the last three being signed for by an employee of defendant; that 169 additional sets were made up and tendered for delivery, but that defendant refused to accept them; that, in November, defendant delivered to plaintiff its two checks, one for $200 and one for $300, which defendant claims was for 100 sets that it ordered, at $5 per set.

Mrs. Argo, plaintiff's bookkeeper, testified to the effect that Mr. Collins telephoned urging speed in the manufacture and delivery of the streamers; that she personally solicited payment of the account from Mr. Collins a number of times; and that he, at no time, denied having ordered the merchandise or that he owed plaintiff.

Defendant's testimony was to the effect that he ordered 100 sets, but did not and never intended to order more, or to engage in selling the streamers, but was merely attempting to aid plaintiff in disposing of waste material on hand, through a specialty salesman with whom he had had business. However, the salesman mentioned testified

to the effect that all of his dealings were with Mr. Collins and that he never contracted to sell for plaintiff but was to split profits with defendant.

The jury found for plaintiff, in the full amount sued for, on his evidence and theory of the case. Plaintiff's evidence, if believed by the jury, was sufficient to establish that plaintiff and defendant entered into a verbal contract for the sale and delivery of an ascertainable number of streamers, to be manufactured according to specifications agreed on, and to be delivered for an agreed price of $6 each.

 This contract was taken out of the operation of the Statute of Frauds, Section 432.020 RSMo 1949, V.A.M.S., by reason of plaintiff's manufacture of a total of 445 sets of streamers, as ordered, and the delivery to and acceptance by defendant of the major portion of the goods involved, together with payment by defendant of $500 to plaintiff, admittedly on account of a portion of this merchandise.

There was substantial, even if conflicting, evidence as to the existence and terms of the contract, as to the delivery and acceptance by defendant of a substantial portion of the merchandise, and of partial payment thereon by defendant after the goods had been manufactured and a substantial portion thereof delivered and accepted by the defendant. The case, on that evidence, was one for the jury. Coffman v. Fleming, 301 Mo. 313, 256 S.W. 731, 733; Thompson v. Wright, 11 S.W.2d 67, 69; 37 C.J.S. Frauds, Statute of § 290c; Howland v. Iron Fireman Manufacturing Company, Or., 215 P.2d 380, 385, 386.

Since plaintiff made a submissible case and the court properly submitted it to the jury, the judgment should be and is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

HUNTER, P. J., and BROADDUS, J., concur.

CROSS, J., not sitting.